SHORTESS, Judge.
Colleen Madere and John A. Lingo (plaintiffs) filed suit against Ellen M. Cole (defendant) for the purchase price of a poodle puppy ($350.00), or alternatively, for dissolution of the sale and return of the puppy. The trial judge found that ambiguity existed in the sale and applied La.C.C. art. 2474 in construing said ambiguity against the sellers (plaintiffs), and awarded them $150.00.
Plaintiffs agreed to provide a stud for defendant’s female poodle. The fee for this service was to be $150.00 cash in advance, or the pick of the litter. The litter consisted of two puppies, but one died. When the surviving puppy was six or seven weeks old, defendant brought it to the plaintiffs, but expressed a desire to keep the puppy. She was told that the puppy would ordinarily be sold for $350.00; but that since she owned the puppy’s mother, she could purchase it for $250.00. Defendant wrote a check for $250.00 and left with the puppy. That evening she telephoned plaintiffs and told them that her husband would not let her pay $250.00. Plaintiff Colleen Madere told her she could return the puppy and receive her money back. However, defendant did not want to return the puppy. Instead, she stopped payment on the $250.00 check and mailed another check for $150.00. Plaintiffs never negotiated the second check and filed suit.
Plaintiffs have assigned the following errors: (1) the trial court erred in failing to find that a valid contract of sale was perfected; (2) the trial court erred in not enforcing said contract of sale; and (3) the trial court erred in finding that ambiguities existed in the agreement and in construing same against them.
*1127 Before this controversy can be resolved, an analysis must be made of the agreements between the parties. Two distinct agreements are involved.
The parties first entered into a synallag-matic or bilateral contract involving stud services. La.C.C. art. 1765. The parties had correlative obligations: (1) the defendant was obligated to either pay $150.00 or surrender the pick of the litter; and (2) the plaintiffs were obligated to provide a stud for the female poodle. The defendant’s obligation was alternative. La.C.C. art. 2066. The initial option belonged to defendant. La.C.C. art. 2068. Because defendant did not pay $150.00 in advance, she apparently chose to discharge her obligation by delivering the pick of the litter. La.C.C. art. 2067. Defendant argued that she did not know she had to give the $150.00 in advance. However, her testimony revealed that she understood that she was to bring the litter in at six weeks so that plaintiffs could choose the puppy they wanted:
“Q But when you left after having your dog bred, you were under the impression that you were to bring that dog back in six weeks so that they could have the pick of the litter, is that correct?
A Right, uh-huh.”
When defendant did not pay the $150.00 in advance, plaintiffs assumed that she chose to discharge her obligation by allowing them to have the pick of the litter. Defendant testified several times that this was her understanding. Thus, defendant’s obligation could only be extinguished by allowing plaintiffs to keep the puppy of their choice. The choice belonged to plaintiffs. La.C.C. art. 2068. No ambiguity resulted when only one puppy survived. The obligation became pure and simple. La.C.C. art. 2070. Since one of the two puppies died without the fault of defendant, plaintiffs were obligated to accept the surviving puppy in satisfaction of the obligation. La. C.C. arts. 2071, 2072. Thus, the surviving puppy belonged to plaintiffs prior to the time that the second contract was perfected.
The second contract was one of sale:
“The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.
“Three circumstances concur to the perfection of the contract, to wit: the thing sold, the price and the consent.” La.C.C. art. 2439
“The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.” La.C.C. art. 2456
When defendant gave plaintiffs a check for $250.00 and took the puppy home, a contract of sale was perfected.[1]
No ambiguity existed in this sale. When the sale took place, any alleged ambiguity in the prior agreement[2] was irrelevant because the parties consented to the thing (the puppy) and the price ($250.00). La.C.C. art. 2439. The obligations of the seller were clear. La.C.C. art. 2474. Therefore, the trial judge erroneously found that ambiguities existed in the sale and erroneously construed said ambiguities against plaintiffs.
Once the contract of sale had been perfected, defendant was obliged to pay the price. La.C.C. art. 2549. When she failed to do so, plaintiffs were entitled to sue to either compel the payment or to dissolve the sale. La.C.C. arts. 2551, 2561, 2564. We find that the appropriate remedy is to enforce payment of the purchase price. Therefore, the judgment of the trial court is amended, and plaintiffs are awarded *1128 $250.00. All costs of this appeal are taxed to defendant.
AFFIRMED, AS AMENDED.

. The verbal sale of a movable is valid. La.C.C. art. 2441.

. Defendant’s testimony was inconsistent. At time she stated that she thought she could still pay $150.00 after the puppies were born. However, she also repeatedly said that her understanding was that she was to allow plaintiffs to retain their choice from the litter.